IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. CIV. 3:12-CV-00123-FDW-DCK

| | |
|---|---|
| William G. Colson, Jr. and Dorothy R. Colson,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Samson Hair Restoration, LLC and<br>Geoffrey D. Stiller, MD<br><br>　　　　　　Defendants. | ANSWER OF<br>DEFENDANT<br>GEOFFREY D. STILLER, MD |

Defendant Geoffrey D. Stiller, MD (hereinafter "Dr. Stiller") by and through his attorneys, submits his Answer to Plaintiff's First Amended Complaint, (hereinafter "Amended Complaint") as set forth below. By adopting the headings set forth by the Complaint for organizational purposes only, Dr. Stiller does not admit any of the allegations set forth therein.

## PARTIES

1.　Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the same.

2.　Dr. Stiller admits upon information and belief that Defendant Samson Hair Restoration, LLC is an active limited liability corporation in the state of California but lacks sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies the same.

3. Dr. Stiller admits Samson Hair Restoration, LLC is involved in the hair transplantation industry. Except as admitted, Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies the same.

4. Dr. Stiller admits he is currently a resident of Spokane, Washington and that he was a surgeon at Uplift Cosmetic Surgery & Skin Center at 14835 Ballantyne Village Way, Suite 210 in Charlotte, North Carolina in November 2009. Except as admitted, the allegations of Paragraph 4 are denied.

## JURISDICTION AND VENUE

5. Dr. Stiller admits that Plaintiffs have alleged an amount in controversy in excess of $75,000 and that this Court is the proper venue for the alleged causes of action as set forth in the Complaint. Dr. Stiller further admits upon information and belief that Samson Hair Restoration, LLC is a California limited liability company. Dr. Stiller further admits that he was a surgeon in the State of North Carolina at the time of the incident. Dr. Stiller denies that he is a citizen and resident of the State of South Carolina. Except as admitted Dr. Stiller lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies the same.

6. Dr. Stiller admits that based on the allegations of the Complaint, venue is proper before this court.

## GENERAL ALLEGATIONS

7. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

9. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the same.

10. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same.

11. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.

12. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

14. The allegations of Paragraph 14 are admitted.

15. It is admitted that Mr. Colson presented to Dr. Stiller's office on November 19, 2009 in Charlotte, North Carolina to undergo a hair transplantation procedure. It is further admitted that information concerning Mr. Colson's surgery by Dr. Stiller, including the operative note of the surgery on November 19, 2009 is contained in Mr. Colson's medical chart, which speaks for itself and is the best evidence of its content. To the extent the allegations contained in Paragraph 15 are contrary to Mr. Colson's medical chart, they are denied.

16. It is admitted that Mr. Colson presented to Dr. Stiller's office on November 19, 2009 in Charlotte, North Carolina to undergo a hair transplantation procedure. It is further admitted that information concerning Mr. Colson's surgery by Dr.

Stiller, including the operative note of the surgery on November 19, 2009, is contained in Mr. Colson's medical chart, which speaks for itself and is the best evidence of its content. To the extent the allegations contained in Paragraph 16 are contrary to Mr. Colson's medical chart, they are denied.

17. It is admitted that Mr. Colson left Uplift Cosmetic Surgery and Skin Center following surgery on November 19, 2009. Except as admitted, Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 17 and therefore denies the same.

18. It is admitted that Mr. Colson presented to Dr. Stiller's office following his November 19, 2009 procedure. It is further admitted that information concerning Mr. Colson's surgery and follow-up care with Dr. Stiller is contained in Mr. Colson's medical chart, which speaks for itself and is the best evidence of its content. To the extent the allegations contained in Paragraph 18 are contrary to Mr. Colson's medical chart, they are denied.

19. It is admitted that Mr. Colson presented to Dr. Stiller's office following his November 19, 2009 procedure. It is further admitted that information concerning Mr. Colson's surgery and follow-up care with Dr. Stiller is contained in Mr. Colson's medical chart, which speaks for itself and is the best evidence of its content. To the extent the allegations contained in Paragraph 19 are contrary to Mr. Colson's medical chart, they are denied.

20. It is admitted that Mr. Colson presented to Dr. Stiller's office following his November 19, 2009 procedure. It is further admitted that information concerning Mr. Colson's surgery and follow-up care with Dr. Stiller is contained in Mr. Colson's medical

chart, which speaks for itself and is the best evidence of its content. To the extent the allegations contained in Paragraph 20 are contrary to Mr. Colson's medical chart, they are denied.

21. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

22. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26. It is admitted Dr. Stiller returned to his home state of Washington to join a physician practice in Spokane on or about March, 2010.

FIRST CAUSE OF ACTION
Allegations of Professional Negligence as to Both Defendants

27. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28. It is expressly denied that Dr. Stiller was either negligent or that he acted below the applicable standard of care in his care and treatment of Mr. Colson. The remaining allegations of the introductory section of Paragraph 28 are not addressed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations contained within the introductory portion of Paragraph 28 are denied.

5
Case 3:12-cv-00123-FDW-DCK    Document 49    Filed 06/11/12    Page 5 of 14

  a.  The allegations of Paragraph 28(a) are denied.

  b.  The allegations of Paragraph 28(b) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 28(b) are denied.

  c.  The allegations of Paragraph 28(c) are denied.

  d.  The allegations of Paragraph 28(d) are denied.

29. The allegations of Paragraph 29 are denied.

## SECOND CAUSE OF ACTION
### Common Law Negligence as to Both Defendants

30. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

31. The allegations of Paragraph 31, including its subparts a. - aii, are denied.

32. The allegations of Paragraph 32 are denied.

## THIRD CAUSE OF ACTION
### Fraud and Misrepresentation – Defendant Samson

33. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

34. The allegations of Paragraph 34 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 34 are denied to the extent they imply Dr. Stiller's care of Mr. Colson did not meet or exceed the applicable standard of care. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore denies the same.

6

Case 3:12-cv-00123-FDW-DCK Document 49 Filed 06/11/12 Page 6 of 14

35. The allegations of Paragraph 35 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are not directed to Dr. Stiller and therefore no response is required. Dr. Stiller lacks sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 36 and therefore denies the same.

37. The allegations of Paragraph 37 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 37 are denied.

38. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

39. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the same.

40. The allegations of Paragraph 40 are denied.

FOURTH CAUSE OF ACTION
Negligent Misrepresentation – Defendant Samson

41. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

42. The allegations of Paragraph 42 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 44 are denied.

45. The allegations of Paragraph 45 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 45 are denied.

46. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies the same.

47. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies the same.

FIFTH CAUSE OF ACTION
Violation of the South Carolina Unfair Trade Practices Act – Defendant Samson

48. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

49. The allegations of Paragraph 49 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 49 are denied.

50. The allegations of Paragraph 50 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 50 are denied.

51. The allegations of Paragraph 51 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 51 are denied.

  a. The allegations of Paragraph 51(a) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 51(a) are denied.

  b. The allegations of Paragraph 51(b) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 51(b) are denied.

  c. The allegations of Paragraph 51(c) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 51(c) are denied.

52. The allegations of Paragraph 52 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 53 are denied.

54. The allegations of Paragraph 54 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 54 are denied.

55. The allegations of Paragraph 55 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 55 are denied.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Training and Supervision of Defendant Geoffrey D. Stiller by Defendant Samson

56. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

57. The allegations of Paragraph 57 are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 57 are denied.

    a. The allegations of Paragraph 57(a) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 57(a) are denied.

    b. The allegations of Paragraph 57(b) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 57(b) are denied.

    c. The allegations of Paragraph 57(c) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 57(c) are denied.

    d. The allegations of Paragraph 57(d) are not directed to Dr. Stiller and therefore no response is required. To the extent a response may be necessary, the allegations of Paragraph 57(d) are denied.

58. The allegations of Paragraph 58 are denied.

## SEVENTH CAUSE OF ACTION
### Loss of Consortium

59. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

60. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies the same.

61. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies the same.

62. The allegations of Paragraph 62 are denied.

## DAMAGES

63. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

64. Dr. Stiller lacks sufficient information to his knowledge to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies the same.

65. The allegations contained in Paragraph 65, including subparts a. – g., are denied.

## RULE 9j CERTIFICATION

66. Dr. Stiller incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

67.-68. The allegations contained in Paragraphs 67 and 68 are denied to the extent that they assert or imply that Rule 9(j) certification is not required in this case or that the care rendered by Dr. Stiller did not comply with the applicable standards of care. Dr. Stiller lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraphs 67 and 68 of the Complaint regarding any alleged expert review of Mr. Colson's medical records and the qualifications of any experts who have reviewed his medical records. Except as admitted, the further allegations of Paragraphs 67 and 68 are denied.

## ADDITIONAL DEFENSES

1. Each and every allegation of Plaintiffs' Complaint not specifically responded to in the aforementioned paragraphs, including Plaintiffs' Prayer for Relief, is denied.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. The contributory negligence of Mr. William G. Colson, Jr. bars his recovery and his spouse's recovery on her derivative claims.

4. Dr. Stiller pleads Mr. William G. Colson, Jr.'s failure to mitigate damages as a defense to all applicable claims and damages asserted herein.

5. Dr. Stiller asserts and pleads that no alleged act or omission on his part caused or contributed to Plaintiffs' alleged injuries and damages herein.

6. The alleged injuries to Plaintiffs were proximately caused by independent, superseding, or active negligence of entities or persons other than Dr. Stiller.

7. Dr. Stiller reserves any additional and further defenses as may be revealed during discovery or upon receipt of additional information.

## PRAYER FOR RELIEF

WHEREFORE, having answered the Complaint, Dr. Stiller prays:

1. That Plaintiffs have and recover nothing of him;
2. That Plaintiffs' action be dismissed with prejudice;
3. That the costs of this action be taxed against Plaintiffs;
4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court may deem just and proper.

This 11th day of June, 2012.

Respectfully submitted,

By: /s/ Ashley K. Brathwaite
Leslie C. Packer
N.C. State Bar No. 13640
Ashley K. Brathwaite
N.C. State Bar No. 33830
ELLIS & WINTERS LLP
1100 Crescent Green Drive, Ste. 200
Cary, North Carolina 27518
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
E-mail: leslie.packer@elliswinters.com
ashley.brathwaite@elliswinters.com

Attorneys for Defendant Geoffrey D. Stiller, MD

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties:

Donald C. Coggins, Jr.
Thomas A. Killoren, Jr.
Harrison White Smith & Coggins, PC
P. O. Box 3547
Spartanburg, SC  29304
Telephone:  (864)585-5100
Fax:  (864)542-2993
dcoggins@spartanlaw.com
tom@spartanlaw.com


I further certify that on June 11, 2012, I served the foregoing document on the following parties by having employees of Ellis & Winters LLP acting at my direction deposit a copy in the United States mail, postage prepaid and addressed as follows:

Samson Hair Restoration, LLC
c/o Bill McCullough, President
5805 Sepulveda Blvd., Ste. 600
Sherman Oaks, CA 91321


                        By: /s/ Ashley K. Brathwaite
                           N.C. State Bar No. 33830
                           ELLIS & WINTERS LLP
                           1100 Crescent Green Drive, Ste. 200
                           Raleigh, North Carolina 27518
                           Telephone:  (919) 865-7000
                           Facsimile:  (919) 865-7010
                           E-mail: ashley.brathwaite@elliswinters.com